# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 27, 2007

Charles R. Fulbruge III
Clerk

No. 06-30972
Summary Calendar

FLORIDA MARINE TRANSPORTERS, INC.;
PBC MANAGEMENT, INC.

Plaintiffs-Counter-Defendants-Appellees,

v.

Michael L. SANFORD,

Defendant-Counter-Plaintiff-Appellant,

v.

JAR ASSET INC.

Counter-Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
2:04-CV-1354

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael L. Sanford, a tankerman on the M/V FLORIDA EXPRESS, alleges

that he hurt his lower back while trying to retrieve the vessel's bumper, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had become dislodged when the vessel's tow became stuck on the bank of the intercoastal waterway. Sanford sought damages pursuant to a number of claims including unseaworthiness under general maritime law, Jones Act negligence, and maintenance and cure. The jury determined that Sanford was entitled to maintenance and cure, but found in favor of Florida Marine on the issues of negligence and unseaworthiness.

Sanford filed a post trial motion for entry of judgment as a matter of law on the issue of unseaworthiness with a new trial for damages, pursuant to FED. R. CIV. P. 50, or in the alternative, a motion for a new trial under FED. R. CIV. P. 59 on the issues of negligence and unseaworthiness. The district court denied both motions. Sanford now appeals from the jury verdict and separate judgment entered in favor of Florida Marine on negligence under the Jones Act and unseaworthiness under general maritime law. Sanford seeks a new trial, arguing that the district court erred in denying his requests for specific jury charges on the issue of negligence per se, the Pennsylvania rule, and scope of employment. Sanford also argues that the district court erred in denying his motion for a judgment as a matter of law or, in the alternative, a new trial. We AFFIRM.

I.

Sanford contends that the district court erred by not giving the jury specific instructions on negligence per se, the Pennsylvania rule, and scope of employment; accordingly, Sanford argues that he should be granted a new trial.

This court will affirm the denial of a motion for new trial, unless the moving party makes a clear showing that the district court abused its discretion. Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1046 (5th Cir. 1998). Jury instructions are also reviewed for abuse of discretion. Thomas v. Texas Dept. of Criminal Justice, 297 F.3d 361, 365 (5th Cir. 2002) (citations omitted). Challenges to jury instructions "must demonstrate that the charge as a whole

create[d] substantial and ineradicable doubt whether the jury was properly guided in its deliberations." Id. Even if a challenger proves that the instruction was incorrect, this court will only reverse if the erroneous instruction affected the outcome of the case. Id.

First, Sanford contends that the district court's failure to instruct the jury on negligence per se misguided the jury and could have affected the outcome of the case, and therefore a new trial is warranted. Sanford rests his argument on the assertion that on one occasion the vessel was not operated by a licensed individual, a violation of the Coast Guard Regulations.[1] The district court denied Sanford's request for a jury instruction on negligence per se, stating that negligence per se is not the law of this circuit. To the contrary, the law of this circuit clearly states that negligence per se is established if the facts support a finding that there was a violation of Coast Guard Regulations. Davis v. Odeco, Inc., 18 F.3d 1237, 1242 (5th Cir. 1994). Thus, the district court erred in this statement. However, despite this misstatement of law, we conclude that the court properly denied the request for another reason– lack of causation.

At trial, Sanford introduced testimony that Captain Mike Bufalo, a licensed operator, relinquished control of the vessel to an unlicensed deckhand, Jason McCranie. Sanford also alleges that a question of fact exists as to whether a licensed individual was in control of the vessel when the barge became stuck

---

[1] 46 C.F.R. § 15.610, the Coast Guard Regulation relied upon by Appellant provides:

> [E]very towing vessel of at least 8 meters (at least 26 feet) in length, measured from end to end over the deck (excluding sheer), must be under the direction and control of a person licensed as master or mate (pilot) of towing vessels or as master or mate of vessels of greater than 200 gross register tons holding either an endorsement on his or her license for towing vessels . . . .

aground. However, such a contention is not supported by the record on appeal. First, while Florida Marine does not deny that on one occasion Captain Bufalo allowed McCranie to replace him in the wheelhouse, Captain Bufalo states that this event was only for a few moments and occurred two days before the barge became lodged on the bank. Captain Bufalo also testified that he was in control of the vessel at the time of the incident, an assertion also supported by McCranie's own testimony.

While it is undisputed that Florida Marine at some point violated the Coast Guard Regulations requiring a licensed operator to be in control of the ship at all times, there must be a causal connection between the injury alleged and the violation in order to establish negligence per se under the Jones Act. Park v. Stockstill Boat Rentals, Inc., 492 F.3d 600, 603 n.2 (5th Cir. 2007) (citation omitted). Sanford failed to establish such a causal connection here. Sanford succeeded only in establishing that there was a single violation of the Coast Guard Regulation, and that this violation occurred for a brief period of time, two days before the vessel became grounded; he made no further attempt to show how this violation led to his injury. The requisite causal connection for a jury instruction on negligence per se cannot be established based on attenuated facts such as these. Thus, a jury instruction on negligence per se was inapplicable here. Accordingly, notwithstanding the fact that the district court misstated the law, the court was nonetheless correct in denying Sanford's jury instruction on negligence per se.

Second, Sanford argues that Florida Marine's violation of a statutory provision,[2] requiring a towing vessel to be operated by a licensed individual,

---

[2] Sanford argues that Florida Marine violated a code provision, which states in part: " a towing vessel that is at least 26 feet in length measured from end to end over the deck [], shall be operated by an individual licensed by the Secretary to operate that type of vessel in the particular geographic area . . . ." 46 U.S.C.A. § 8904(a).

entitled Sanford to a jury instruction on the Pennsylvania rule. Under the Pennsylvania rule, if a vessel is involved in a collision as a result of a statutory violation intended to prevent collisions, then the burden shifts to the "vessel in derogation of a statutory rule" to show that this violation could not have been a cause of the accident. In re Mid-South Towing Co., 418 F.3d 526, 534 (5th Cir. 2005). This rule has been expanded beyond collision cases to apply to any "statutory violator who is a party to maritime accident." Pennzoil Producing Co. v. Offshore Express, Inc., 943 F.2d 1465, 1472 (5th Cir. 1991) (citation omitted); see also U.S. v. Nassau Marine Corp., 778 F.2d 1111, 1116 (5th Cir. 1985) ("The [Pennsylvania] Rule does not apply only to collisions.").

In In re Mid-South Towing Co., this court declined to apply the Pennsylvania rule where establishing a causal connection between the statutory violation and the resulting injury was implausible. 418 F.3d at 534 (stating "[t]he Pennsylvania rule did not intend to establish a hard and fast rule that every vessel guilty of a statutory fault has the burden of establishing that its fault could not by any stretch of the imagination have had any causal relation to the collision, no matter how speculative, improbable, or remote."). Rather, this court held that the statutory violation must be a contributory and proximate cause of the accident. Id. A scintilla of evidence is insufficient to present a question to the jury. Stine v. Marathon Oil Co., 976 F.2d 254, 259 (5th Cir. 1992) (citation omitted).

Here, the record indicates that the district court refused to instruct the jury on the Pennsylvania rule because it found that the Pennsylvania rule applies only in collision cases. Based on the case law of this Circuit, this ruling is incorrect, a point which Florida Marine concedes in its brief to this court. Again, however, it appears that this ruling does not affect the outcome of this case.

Sanford relies heavily on the fact that McCranie was in control of the vessel on at least one occasion in order to establish a statutory violation. However, as stated above, the record indicates that at the time of the grounding of the vessel, Captain Bufalo was in control of the vessel. Accordingly, it cannot be concluded that the Pennsylvania rule was applicable in this case, as this rule–similar to negligence per se– requires that the statutory violation be the cause of the accident at issue. See In re Denet Towing Services, Inc., 178 Fed. Appx. 427, 429 (5th Cir. 2006) (finding that although the defendant had committed regulatory violations, the violations were unrelated to the cause of the accident). Based on the record, and for similar reasons discussed above, Sanford simply did not establish that the statutory violation led to his alleged injury.

Finally, Sanford contends that the outcome of the case may have been affected by the district court's failure to give a specific jury charge on the issue of whether Sanford was working within the scope of his employment when he was injured. Sanford argues that because Florida Marine alleges that he voluntarily involved himself in the efforts to retrieve the bumper, a jury instruction on scope of employment was necessary. Our reading of the record does not reveal the necessity or relevance of such an instruction. The district court did not abuse its discretion in denying Sanford's request.

Although we acknowledge that the district court erred in its reasoning for denying jury instructions on negligence per se and the Pennsylvania rule, we find for the aforementioned reasons that any errors by the district court were harmless, and the denials were nevertheless appropriate. Further, Sanford has not succeeded in convincing this court that jury instructions on scope of employment were relevant to the proceedings below. We find that the district court did not abuse its discretion in denying Sanford's motion for a new trial on these issues.

II.

Sanford next contends that he was entitled to judgment as a matter of law, or in the alternative, a new trial on the issue of unseaworthiness. This court reviews the denial of a motion for judgement as a matter of law de novo, applying the same standard as the district court. Brown v. Parker Drilling Offshore Corp., 410 F.3d 166, 171 (5th Cir. 2005). A court may enter judgment as a matter of law where there is "no legally sufficient evidentiary basis" for the jury's verdict. FED. R. CIV. P. 50(a)(1). Unseaworthiness under the Jones Act exists as a matter of law when equipment breaks in the ordinary course of business. Greene v. Vantage Steamship Corp., 466 F.2d 159, 162 (4th Cir. 1972) (citations omitted) (finding unseaworthiness where a piece of equipment, which appeared to be in proper order, failed for no ascertainable reason). The Fourth Circuit has held, and we agree, that "[w]hether an issue of unseaworthiness should be submitted to a jury depends on whether fair-minded men, viewing all the facts and the inferences to be drawn from the facts can differ over whether the ship and its gear are reasonably fit for service." Id.

Sanford presents evidence, in the form of his own testimony, that the bumper he was attempting to retrieve when he was injured simply "fell off" while the vessel was in the ordinary course of usage. He testified that he was there when it happened. Citing Greene, he argues that where equipment breaks in the ordinary course of usage, unseaworthiness exists as a matter of law. In response to this contention, Florida Marine presented testimony from a number of employees that the bumpers were knocked off when they hit hard on the port push knee.[3] As reasonable minds could differ over whether the vessel was

_____

[3] Ricky Cochran, Relief Captain on the FLORIDA EXPRESS, testified that the bumpers were knocked off of the vessel during the efforts to refloat the barge. Similarly, Michael Bufalo, a captain on the FLORIDA EXPRESS, testified to the following regarding the loss of the bumpers: "I was pulling on it full astern, and when I let off the throttles the boat swung back toward the barge and hit it pretty hard on the port push knee. In turn, both of them fell

7

seaworthy, the issue was properly presented to the jury. The district court properly denied Sanford's motion for judgment as a matter of law.

For the same reasons, we find that a new trial on the issue of unseaworthiness is not warranted. With regard to the district court's denial of a motion for new trial, the standard of review is more deferential than a review of a denial for a judgment as a matter of law. Hidden Oaks, 138 F.3d at 1051. A district court's denial of a motion for new trial is reviewed for abuse of discretion. Id. The moving party must establish that the verdict is against the great weight of the evidence; this court has held that the "denial will be affirmed unless there is a clear showing of an absolute absence of evidence to support the jury's verdict." Whitehead v. Food Max of Mississippi, Inc., 163 F.3d 265 (5th Cir. 1998).

The issue of unseaworthiness was properly submitted to the jury. Further, based on the testimony at trial, there was ample evidence to support the jury's finding that the vessel at issue was seaworthy. The district court did not abuse its discretion in denying Sanford a new trial on this issue.

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

off."

8